IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CHARLIE WILLIAMS      :
               :
 v.            : CIVIL NO. CCB-17-1054
               : Criminal No. CCB-14-0385
UNITED STATES OF AMERICA :

...o0o...

## MEMORANDUM

Federal prison inmate Charlie Williams has filed a motion to vacate under 28 U.S.C. § 2255 arguing ineffective assistance of counsel in connection with a guilty plea entered February 25, 2016. The oral plea agreement, pursuant to Rule 11(c)(1)(C), allowed Williams to plead guilty to a lesser-included offense of the drug conspiracy for which he was then on trial. On April 15, 2016, consistent with the agreement, he was sentenced to eight years' incarceration rather than the mandatory ten year minimum had he been convicted of the original charge in the indictment.

Williams raises several meritless claims regarding court-appointed counsel. First, regarding counsel's alleged failure to argue for a minor role adjustment under the guidelines, the record shows that counsel made that argument in his sentencing memorandum. (ECF No. 211). Further, Williams was not entitled to the adjustment, and in any event his sentence was determined by his Rule 11(c)(1)(C) agreement, which the court found reasonable under 18 U.S.C. § 3553(a). Second, regarding the quantity of cocaine involved, Williams admitted under oath that he transported and was "involved with" more than 15 kilograms of cocaine. (Gov't. Resp. Plea Trsp. at 26, 31, 34.) And third, he was not eligible for the safety valve because he fell within Criminal History Category II. In summary, counsel was not deficient in his performance; nor has Williams shown "a reasonable probability that, but for counsel's errors, he would not

1

have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

Finally, Williams alleges that, despite his waiver of appeal rights, (Trsp. at 35-36), he directed his counsel to file a notice of appeal and counsel did not do so. Counsel has told the government Williams made no such request. Under Fourth Circuit precedent, I am required to hold an evidentiary hearing to resolve this credibility dispute. Accordingly, a hearing will be scheduled as to this remaining claim.

A separate Order follows.

<u>November 16, 2017</u>                                                       <u>          /S/                    </u>
Date                                                                                  Catherine C. Blake
                                                                                        United States District Judge